UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEFTALI BONILLA,<br><br>  Petitioner,<br><br>  v.<br><br>ON HABEAS CORPUS,<br><br>  Respondent. | No. 1:18-cv-00687-NONE-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 16) |

Petitioner Neftali Bonilla, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 10, 2020, the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed for lack of jurisdiction. (Doc. No. 16.) The findings and recommendations were served on petitioner and contained notice that objections were due within thirty (30) days. (*Id.*) On April 16, 2020, petitioner filed a traverse in response to the findings and recommendations, which the court will construe as objections to the findings and recommendations. (Doc. No. 17.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file,

including the petitioner's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Petitioner objects to the pending findings and recommendations on the grounds that: (1) his claims are not procedurally barred under 28 U.S.C. § 2254(b)(1); (2) his petition should not be denied on the merits under 28 U.S.C. § 2254(b)(2); (3) his claims are exhausted; (4) his claims should not be "barred for lack of proper presentation in the state courts"; (5) petitioner "denies his custody is legal, or that his illegal custody would not have been 'apparent to all reasonable jurists'"; and (6) petitioner "denies that there is not [sic] lawful basis to issue the writ under the statutorily established system of review." (Doc. No. 17 at 2–3.)

As to petitioner's first and fourth objections, the court agrees with the magistrate judge's finding that plaintiff's *Miranda* warning claim is procedurally barred. Petitioner does not assert any additional arguments in his objections that would warrant the undersigned to find otherwise. Therefore, petitioner's first objection does not call into question the conclusion reached in the pending findings and recommendations.

Addressing petitioner's second and sixth objections, petitioner does not provide any additional bases for this court to consider that differ or otherwise supplement his 28 U.S.C. § 2254 petition. To the extent petitioner objects on the grounds that the trial court violated petitioner's due process rights by admitting certain text messages into evidence under California Evidence Code § 352, this court agrees with the pending findings and recommendations that federal habeas relief is not available for alleged violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (holding state court's admission of evidence pursuant to California law "is no part of a federal court's habeas review of a state conviction"). Accordingly, these objections are without merit. Petitioner's third objection is irrelevant because the pending findings and recommendations do not address exhaustion.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue.[1] A prisoner seeking a writ of habeas corpus has no

---

[1] The court construes petitioner's fifth objection as addressing the magistrate judge's denial of a certificate of appealability. (*See* Doc. No. 16 at 10.)

absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).

If a court dismisses a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on April 10, 2020 (Doc. No. 16) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **September 9, 2020**

UNITED STATES DISTRICT JUDGE

3